UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG PRUSS,

Plaintiff,

v.

BANK OF AMERICA NA, et al.,

Defendants.

CASE NO. C13-1447 MJP

ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 11.) The Court considered the motion, Plaintiff's response (Dkt. No. 16), Defendants' reply (Dkt. No. 17), the Complaint (Dkt. No. 1), and all related documents. Finding Plaintiff's claims time-barred or otherwise inadequately pleaded, the Court GRANTS Defendants' motion and DISMISSES Plaintiff's claims.

**Background**

Plaintiff Craig Pruss is the owner of a property in King County, Washington. (Dkt. No. 1 at 3.) On November 3, 2007, Pruss executed an Interest Only Adjustable Rate Note as a refinanced first mortgage in the amount of $517,600.00 in favor of Defendant Countrywide

Bank, FSB ("Countrywide"). (Id. at 4.) Pruss alleges this loan "was predatory in the sense that it was not what Plaintiff expected and was not suitable or affordable for Plaintiff . . . " (Id.) Pruss also executed a Deed of Trust which named Defendant Mortgage Electronic Registration System ("MERS") as beneficiary. (Id.) Pruss alleges the "underwriting process used by Countrywide . . . did not follow proper underwriting procedures and due diligence. The loan was offered to Plaintiff at a 'teaser' rate which was then changed at the time of signing." (Id. at 5.) Pruss claims Countrywide wrote the loan based on an affordability index not related to the fully amortized payments. (Id.) Pruss argues the lender failed to disclose material information related to the loan's interest and payment information. (Id. at 6.)

At the time of the lending, Pruss alleges he was charged hidden origination fees amounting to $4,529.96 and several other hidden and excessive fees. (Dkt. No. 1 at 6.) Pruss alleges the lender failed to provide or disclose "affiliated business arrangements." (Id.) Pruss further contends Countrywide and Defendant Bank of America failed to notify him that the servicing or ownership of his note was changed, and that MERS was not a proper beneficiary under his loan. (Id. at 7.) Pruss's loan was transferred in September of 2012. (Dkt. No. 12 at 2.) Pruss claims "there is no evidence that the DOT was followed by the Note and was properly signed over to Bank of America" and if the Note was properly singed over, "the Note has become unsecured" because it was not timely assigned, and the Note and DOT "were separated and/or lost." (Dkt. No. 1 at 7.)

Pruss alleges he has been injured financially by unfair and deceptive lending practices, and brings his Complaint with five causes of action, including: (1) predatory lending; (2) violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"); (3) slander of title; (4) breach of duty; and (5) Consumer Protection Act violations.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing substantively against each claim and that each claim is time-barred by its statute of limitations. (Dkt. No. 11.)

**Analysis**

I. Standard on Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 545) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Iqbal at 1949). The Court must accept plaintiffs' factual allegations as true, but need not accord the same deference to legal conclusions. Id. at 1949-150 (citing Twombly at 555). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, at 678 (citation omitted).

II. The Discovery Rule and Statutes of Limitations

One of Defendants' primary arguments for dismissal is that Plaintiff's claims are time-barred. Plaintiff does not dispute that ordinarily, the statutes of limitations on his claims would begin to run at the time of the last act Plaintiff relies upon to support his claims, in this case, November 3, 2007. (Dkt. No. 11 at 6.) Plaintiff argues instead his claims are protected from

being time-barred because they fall under the "discovery rule," which applies to "self-concealing injuries" such as fraud. (Dkt. No. 16 at 4.)

The "standard rule" on statutes of limitations is that a claim accrues "when the plaintiff has a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007)(internal citations omitted). "Statutes of limitations are intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." Gabelli v. SEC, 133 S. Ct. 1216, 1221 (2013). The discovery rule is an exception to the standard rule, where "accrual is delayed until the plaintiff has 'discovered' his cause of action. Id. (internal citations omitted). The discovery rule exists to address the situation where a plaintiff has been injured by fraud and remains ignorant of the injury without any fault or lack of diligence on his part. Id. Under this rule, fraud is considered discovered when, with the exercise of reasonable diligence, it could have been discovered. Id. (internal citations omitted.) The question in application of the discovery rule is when the plaintiff knew of the relevant facts, not when the plaintiff knew the facts established a cause of action. Cox v. Oasis Physical Therapy, PLLC, 153 Wn. App. 176, 191 (2009).

In determining whether the discovery rule is appropriate in a given case, the court must balance the goal of providing a remedy for every genuine wrong with the burden of compelling a party to answer stale claims, which is in itself a substantial wrong. 1000 Virginia Ltd. P'ship v. Vertecs, 158 Wn.2d 566, 579 (2006). In order to take advantage of the discovery rule, a plaintiff must show there were impediments to earlier prosecution of the claim, including the reasons the claimant did not know of the cause of action, the means used to keep him ignorant, and how he first obtained knowledge of the relevant facts. Douglass v. Stranger, 101 Wn. App. 243, 256

(2000). The question of due diligence is ordinarily a question of fact, but it can be decided as a matter of law if reasonable minds could reach only one conclusion. Id.

Application of the discovery rule is not appropriate in this case. Plaintiff fails to show the facts underling his claims were not discovered or could not, with reasonable diligence, have been discovered within the limitation periods. Plaintiff's allegation that he did not have knowledge of Defendants' underwriting standards and therefore did not know that the advice he received in obtaining his loan violated those standards is not sufficient. (Dkt. No. 16 at 5.) First, Plaintiff makes no statement about when he did become aware of the facts that give rise to his claims. Second, Plaintiff's claims are not of the type the discovery rule was meant to apply to. In Washington, the discovery rule applies where there are truly latent facts, such a medical malpractice claim where a sponge was left in a body only to be discovered years later through a body scan, or the use of faulty siding on a house only discoverable when the siding falls apart prematurely but after the statute of limitations would otherwise have run. Vertecs, 158 Wn.2d at 579. Here, Plaintiff knew or should have known of the terms in the loan agreement at the time he signed it, or at least within the limitations period of his claims. Plaintiff alleges no truly latent facts, and provides the Court no information to help it determine when the facts were actually discovered. Further, Plaintiff provides no reason why, with due diligence, he could not have discovered the facts that are the basis of his claim in the nearly six years since he took out the loan at issue. On the facts of this case, the discovery rule does not apply and each claim is subject to its typically imposed statute of limitations.

III. Predatory Lending

Although Plaintiff titles his first cause of action "predatory lending" he does not cite, and the Court is unable to find, any case law or statute in Washington recognizing a claim for "predatory

lending." Defendants were likewise unable to find such a claim and addressed the cause of action as a combination of negligence and fraud. (Dkt. No. 11 at 7.) Plaintiff's reply does not address this issue, so the Court will follow Defendants' lead and treat this cause of action as one in negligence and/or fraud. In Washington, the statute of limitations for both negligence and fraud claims is three years. RCW 4.16.080(2), (4). Plaintiff's predatory lending claim is founded on the circumstances surrounding his entering into the loan. (Dkt. No. 1 at 8.) His claim therefore accrued in 2007, when he entered into the loan. Because nearly six years have passed since the accrual of Plaintiff's claim, Plaintiff's claim is time-barred.

IV. TILA and RESPA Violations

Any claim for damages under TILA must be brought within one year of the date of the violation. King v. California, 784 F.2d 910, 913 (9th Cir. 1986). The Ninth Circuit has held the limitations period runs "from the date of consummation of the transaction but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id. at 915. Plaintiff here, as discussed above, has provided the Court no reason to find equitable tolling appropriate. Plaintiff's loan closed in 2007, and his claims under TILA are time-barred.

Claims under RESPA are subject to a one or three year statute of limitations, depending on the nature of the alleged violation. See, 12 U.S.C. §2614. The limitations period typically runs from the date of closing. Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010). As in TILA, equitable tolling may be applied if, despite all due diligence, a plaintiff could not obtain information vital to the existence of his claim. Id. Plaintiff provides no information indicating he did not have or could not have obtained, with proper due diligence, the

facts necessary for the existence of his RESPA claims. Equitable tolling is not appropriate, and to the extent Plaintiff's claims are based on his obtaining the loan in 2007, Plaintiff's claims are time-barred.

To the extent Plaintiff's claims are based on the 2012 assignment of the Deed of Trust, the claims also fail. Plaintiff's allegations on these facts go to § 2605(2)(a) of RESPA, which relates to assignment, sale or transfer of loan servicing. This section requires 15 days notice before assignment, which Plaintiff alleges he did not receive. Assuming without deciding that there was some failure of notice, a plaintiff must allege actual damages to make a claim under §2605. Cerventes v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 87997, *16 (D. Az. Sept. 24, 2009). Pruss does not allege any damages related to lack of notice of transfer, and any RESPA claim that is not time-barred fails for this reason.

V. Slander of Title

A claim for slander of title in Washington is subject to a three year statute of limitations as laid out in RCW 4.16.080. Cuddeback v. Land Home Fin. Servs., 2011 U.S. Dist. LEXIS 31423, *10 (W.D. Wash. Mar. 14, 2011). Plaintiff's claims, to the extent they are related to the 2007 origination of his loan, are time-barred. To the extent the claims relate to the 2012 transfer, the claims also fail.

To plead a claim for slander of title, a plaintiff must allege that "words concerning the property" were (1) false; (2) maliciously published; (3) spoken with reference to a pending sale of the property; (4) resulted in pecuniary loss or injury to plaintiff; and (5) are such that they defeat the defendant's title. Schwab v. City of Seattle, 64 Wn. App. 742, 747 (1992). Plaintiff does not allege any of these elements, but the lack of pecuniary loss is decisive. Plaintiff does not allege the amount he owed on the loan was altered by the transfer of the loan, nor does he allege

he was foreclosed on or suffered other pecuniary loss related to the transfer. Plaintiff has not alleged facts sufficient to support a claim for slander of title, and this claim fails.

VI. Breach of Duty

The specific cause of action Plaintiff brings as "breach of duty" is unclear from the Complaint. The Court finds it is not a contract claim based on Plaintiff's reply, which asserts Defendants attempt to diminish his claims "by casually stirring its brief in the stew of breach of contract[.]" (Dkt. No. 16 at 6.) The language "breach of duty" indicates a negligence claim, a negligent misrepresentation claim, or a contract claim. To be thorough, the Court notes all of these claims are time-barred. As discussed above, the statute of limitations on a negligence claim is three years, and is time-barred here. To the extent Plaintiff seeks to assert negligent misrepresentation, that claim is also subject to a three year statute of limitations unless there is cause for the discovery rule to apply. Sabey v. Howard Johnson & Co., 101 Wn. App. 575, 592-93 (2000). As discussed above, the discovery rule does not apply on the facts presented here. Similarly, breach of the duty of good faith and fair dealing claims are subject to a three year statute of limitations. RCW § 4.16.080. Any claim of breach of the duty of good faith and fair dealing is necessarily related to the inception of the 2007 contract, because the duty exists in relationship to the performance of contracts. See, Badgett v. Sec. State Bank, 116 Wn.2d 563, 569 (1991). All of Plaintiff's "breach of duty" claims that are related to obligations undertaken with the 2007 loan agreement are time-barred.

The only allegation that may not be time-barred is a negligence claim related to the 2012 transfer, alleging "MERS has never been a beneficiary of this loan and at no time did MERS have the ability to assign beneficial interest in this loan to any other entity." (Dkt. No. 1 at 11.) This allegation fails to state a claim for negligence. To make a claim for negligence, a plaintiff

must show (1) defendant had a duty to plaintiff; (2) breach of that duty; (3) resulting injury; and (4) proximate cause. Hutchens v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 220 (1991). The only injury-like allegation Pruss makes is he "experienced payment shock." (Dkt. No. 1 at 11.) To the extent this is a cognizable injury, Pruss fails to allege how it is proximately caused by the 2012 transfer, rather than the terms of the 2007 contract. The facts as Plaintiff alleges fail to state a negligence claim.

VII. Consumer Protection Act Violations

Actions under the Washington Consumer Protection Act are subject to a four-year statute of limitations. RCW 19.86.120. Plaintiff's claims accrued in 2007 and are time-barred. To the extent Plaintiff makes a CPA claim based on the 2012 transfer, his claim fails. To make a CPA claim, a plaintiff must show, among other things, injury to his business or property and a causal link between the injury and an unfair or deceptive act committed by the defendant. Hangman Ridge Training Stables, Inc., v. Safeco Title Ins. Co., 105 Wn.2d 778, 785 (1986). As discussed above, Pruss has not alleged an injury, and even if he had, he did not relate it to the 2012 transfer of his loan. A CPA claim cannot survive on the facts as alleged.

## Conclusion

Because Plaintiff's claims accrued in 2007, nearly six years ago, they are time-barred under the statute of limitations for each claim Plaintiff brings. Equitable tolling or use of the discovery rule is not appropriate based on the facts Plaintiff alleges, taken in the light most favorable to Plaintiff. To the extent Plaintiff bases any claims upon the 2012 transfer of his loan, he fails to state a claim upon which relief can be granted. Because all of Plaintiff's claims are time-barred or fail to state a claim, Defendants' motion is GRANTED and Plaintiff's claims are DISMISSED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 1st day of November, 2013.

Marsha J. Pechman
Chief United States District Judge